## Harvey T. Nealy v. The State.

No. 19967.  Delivered November 30, 1938.
Rehearing Denied January 25, 1939.

*William J. Duke,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

Christian, Judge.—The offense is murder; the punishment, death.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Joe Nealy by chopping, cutting and striking him with an ax.

Appellant was the adopted son of deceased. When appellant was about twenty years of age deceased advised him that he must go to work. Appellant replied: "G— d— it, I don't have to stay here." Further, he said to deceased: "Oh, well, I am going to kill you, G— d— you." The homicide occurred at 1 A. M. on the 13th of December, 1937, at the home of deceased. Five or ten minutes before deceased was killed he and appellant had quarreled. Appellant left the house but later returned and attempted to re-enter. Finding that the door had been locked, he secured some bricks and knocked the panel out of the bottom of the door. Deceased held the door in an effort to keep appellant from entering, but was unsuccessful. When appellant entered the house deceased began to run and was pursued by the appellant. At this juncture we quote from the testimony of the wife of the deceased, as follows: "My husband ran to the north toward the side door with the defendant chasing in behind him. He run south toward the front and hedge. During all this time my husband had nothing in his hand at all and I had nothing

but the ironing board. When he got out I saw Joe, my husband, on the north side of the house run in front of the defendant, but before my husband could run past me the defendant, Harvey T., chopped him down. My husband didn't have anything in his hands at the time. Joe's back was toward Harvey T. and they were running south. When Harvey T. hit Joe with the ax he was standing behind Joe. * * * Harvey T., the defendant, hit Joe, my husband, in the back with the ax and struck Joe down and Joe fell and got up and run again and ran in a south direction and toward Nick Snow's house, which was across the street about two or three doors down. Joe was knocked down again by Harvey T. before Joe got in Snow's yard and then he got in Snow's yard by jumping or climbing the fence. When he got in Snow's yard the defendant, Harvey T. Nealy, was behind him. I went over to Snow's yard and saw where Joe was cut and hit. There were bruises on his head on the right side and it was bleeding and standing open."

Nick Snow testified to the effect that deceased ran to his home pursued by appellant. After deceased entered his house he (the witness) would not permit appellant to follow deceased. At this juncture we quote from the testimony of the witness, as follows: "He (referring to appellant) said to me he wanted to finish killing Joe and I said 'you couldn't do it here.' "

Appellant remained near the home of deceased until the officers appeared. He said to them: "I am the one you are looking for. I chopped my father with an ax. He is seriously hurt."

Deceased died shortly after he received his injuries. Touching the nature of the wounds, the attending physician testified as follows: "Upon examination I found that the deceased had a large bruise on the left side of his head; his bicept muscle of his left arm was cut almost through and he had a large cut on the back of the right side of his chest. There was about a three inch cut right across the back. The cut on the back entered into the cavity of the lung and the cut on the arm was about the center of the arm. It practically severed this large bicept muscle of his left arm and the bruise was on his head on the left side toward the back about here; the skin wasn't broken. This cut in the back penetrated entirely through his chest wall and permitted air to enter the cavity around the lung. His death was produced by the cut in the back. The blade of this ax, if it was to produce a wound such as I found on the deceased, would be a deadly weapon. This ax is of steel with a wooden handle in it."

Appellant did not testify and introduced no witnesses.

The evidence is sufficient to support the conviction.

No bills of exception are brought forward and no objections were interposed to the charge of the court.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant's attorney, in his motion for rehearing, offers no new matter. In fact, practically the only complaint that he makes therein is that in his opinion this case was not such a case as merited the infliction of the death penalty, taking into consideration all the surrounding facts and circumstances of the killing.

The facts as set forth with accuracy in the original opinion herein, we think, are sufficient to support any verdict within the limits laid down by the law for murder. The jury has seen fit to exact the extreme penalty for this offense, and we see no reason, nor has any reason been shown to us, why this man has not received a fair and impartial trial. It is our opinion that he has received a fair and impartial trial.

The motion for a rehearing will, therefore, be overruled.